# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| RYAN KATZENBACH,<br><br>        Plaintiff,<br>   v.<br><br>PETER RALPH SALVATORE PISANI; and DOES 1 THROUGH 10 INCLUSIVE,<br><br>        Defendants. | Case No. 2:12-cv-5045-ODW(FFMx)<br><br>**ORDER TO SHOW CAUSE; ORDER VACATING ENTRY OF DEFAULT** |

Plaintiff is hereby **ORDERED TO SHOW CAUSE** in writing no later than August 27, 2012, why this action should not be dismissed for lack of personal jurisdiction and improper venue.

The Complaint alleges no facts subjecting Defendant Pisani to personal jurisdiction in this district. Pisani resides in Pennsylvania (Compl. ¶ 2), and all of Pisani's alleged acts occurred over the Internet, presumably while Pisani was in Pennsylvania.

District courts have the power to exercise personal jurisdiction to the extent of the law of the state in which they sit. Fed. R. Civ. P. 4(k)(1)(A); *Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1988). California's long-arm jurisdictional statute is coextensive with federal due-process requirements, so the jurisdictional analysis for a non-resident defendant under state law and federal due process is the same. Cal. Civ. Proc. Code § 410.10; *Roth v. Garcia Marquez*, 942 F.2d 617, 620 (9th Cir. 1991). For a court to exercise personal jurisdiction over a

nonresident defendant, that defendant must have sufficient "minimum contacts" with the forum state so that the exercise of jurisdiction "does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Under the "minimum contacts" analysis, a court may obtain either general jurisdiction or specific jurisdiction over a non-resident defendant. *Doe v. Unocal Corp.*, 248 F.3d 915, 923 (9th Cir. 2001). If the defendant's activities are insufficient to subject him to general jurisdiction, then the court looks to the nature and quality of the defendant's contacts in relation to the cause of action to determine jurisdiction. *Data Disc, Inc. v. Systems Tech. Assoc. Inc.*, 557 F.2d 1280, 1287 (9th Cir. 1977).

A court may assert specific jurisdiction over a claim for relief that arises out of a defendant's forum-related activities. *Rano v. Sipa Press Inc.*, 987 F.2d 580, 588 (9th Cir. 1993). The analysis for specific jurisdiction is as follows:

> (1) the nonresident defendant must purposefully direct his activities or consummate some transaction with the forum or residents thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable.

*Lake v. Lake*, 817 F.2d 1416, 1421 (9th Cir. 1987). The plaintiff bears the burden of satisfying the first two prongs, and if either of these is not satisfied, personal jurisdiction is not established. *Schwarzenegger*, 374 F.3d at 802.

Further, venue appears improper for the same reasons. Generally, venue is proper in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Court hereby **VACATES** the entry of default against Defendant Pisani. (ECF No. 10.)  And Plaintiff's ex parte application for continuance is **DENIED AS MOOT**.  (ECF No. 14.)  If Plaintiff believes that a different district is more suitable for this action, the Court may entertain transferring this case instead of dismissing it. Plaintiff's response must set forth sufficient facts and statements of law to establish personal jurisdiction and venue in this district.  Failure to timely respond to this order will result in the dismissal of this action.

**IT IS SO ORDERED.**

August 6, 2012

_____
**OTIS D. WRIGHT, II**
**UNITED STATES DISTRICT JUDGE**